United States Bankruptcy Court
District of Colorado

In re:
Gregory Allen and Patricia Lynn
Daviscourt,                    Debtor(s).

**SUBPOENA IN AN ADVERSARY PROCEEDING**

COLUMBIA STATE BANK, N.A.,

Bankruptcy Case No. 04-10117 ABC

Plaintiff(s),

Adversary Proceeding No. 04-1487 ABC

vs.

Chapter 7

GREGORY ALLEN and PATRICIA
LYNN DAVISCOURT,
                    Defendant(s).

No. -00101

To: VAN HORTON & COMPANY, one or more officers, directors, or managing agents with the most knowledge of the services performed for Northwest Construction & Restoration /

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| Place | Courtroom |
|---|---|
| United States Bankruptcy Court 721 19th Street Denver, CO 80202-2508 | |
| | Date and Time |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| Place | Date and Time |
|---|---|
| the offices of Bruce Kriegman, Esq. Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim 600 University, Suite 2100, Seattle, WA 98101 | November 16, 2004 1:30 pm |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following document s or objects at the place, date, and time specified below (list documents or objects). See Attachment "A"

| Place | Date and Time |
|---|---|
| the offices of Bruce Kriegman, Esq. Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim 600 University, Suite 2100, Seattle, WA 98101 | November 16, 2004 1:30 pm |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | Date and Time |
|---|---|
| | |

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated the matters on which the person will testify, Fed. R. Civ. P. 30(b)(5) made applicable in adversary proceedings by Rule 7030, Fed. R. B. P.

| Issuing Officer's Signature and Title | Date |
|---|---|
| [signature] | 10/12/2004 |

Issuing Officer's Name, Address, and Telephone Number
Bruce E. Rohde, Davis & Ceriani, PC, 1350 17th St., #400, Denver, CO 80202
(303) 534-9000     Attorneys for Columbia State Bank, N.A.

*[Sidebar text, right margin: Co. and the firm's interaction with Gregor or Patricia Daviscourt.]*

Case 04-00101   Doc 1   Filed 11/04/04   Ent. 11/04/04 15:21:56   Pg. 1 of 3

## ATTACHMENT A
### Van Horton & Company, Inc.

All of Van Horton's files regarding its work for Northwest construction & Restoration Co. and the Daviscourts.

**Proof of Service**

| | Date | Place |
|---|---|---|
| Served | | |

| Served On (Print Name) | Manner of Service |
|---|---|
| | |

| Served By (Print Name) | Title |
|---|---|
| | |

**Declaration of Server**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              Date

_____
Signature of Server

_____
Address of Server

---

Rule 45, Fed. R. Civ. P. (Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9010, Fed. R. B. P.

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party of attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(ii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.

    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA**

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.